UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 20-24-WOB-CJS

NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN           PLAINTIFF

v.                         **ORDER**

CBS NEWS, INC., et al.                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Notice of Nonrepresentation (R. 14), which Notice states that Attorney Nikki Baker "will not represent [Plaintiff] in this action." This Order is issued to inform that Plaintiff's Notice of Nonrepresentation is insufficient to term Attorney Nikki Baker as one of Plaintiff's counsel of record.

Under the Joint Local Rules of Civil Practice of this Court, an attorney enters their appearance and is deemed to be an attorney of record for a party by "signing a pleading, motion or other paper as attorney for a party." LR 83.5(c). In this case, the Clerk placed Attorney Baker on the docket sheet as an attorney of record for Plaintiff in accordance with the Local Rule because Attorney Baker signed Plaintiff's Complaint. Attorney Baker included the notation "will seek admission *pro hac vice"* in the signature block. (R. 1, Page ID 56).

Once an attorney has entered an appearance and is thereby deemed to be an attorney of record, there are only certain circumstances in which the attorney's designation as an attorney of record for a party will be termed in the case. Here, the Plaintiff's filing of a Notice of Nonrepresentation, without more, is not one of them.

For example, if an attorney enters an appearance in a case but has not been admitted to practice in this Court, they may apply for admission pursuant to Local Rule 83.1 or may seek *pro*

*hac vice* admission pursuant to Local Rule 83.2 for that specific case. Typically, the Clerk of Court's Office will docket a letter in any case where an attorney has entered an appearance but has not been admitted to practice in this Court, such as was done in this case (*see* R. 23), notifying the attorney that they have 30 days to seek admission. If the non-admitted attorney of record fails to seek admission within that 30-day period, an order will issue calling this to the attention of counsel and cautioning that the continued failure to seek admission by the specified deadline will result in the attorney being stricken as counsel of record in the case.

An attorney will also be termed as an attorney of record for a party if the attorney moves to withdraw from the case. Any such motion should comply with Local Rule 83.6(a) or (b) and must be granted by the Court to effectuate counsel's removal as an attorney of record for a party.

If, for whatever reason, a motion is not filed by the attorney who seeks to withdraw, a party may file a motion to remove an attorney for that moving party as an attorney of record. But as with all motions filed with the Court, it should "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." LR 7.1(a).

Accordingly, **IT IS ORDERED** that the Notice of Nonrepresentation filed in this case is insufficient to terminate Attorney Baker as an attorney of record for Plaintiff. As explained herein, Attorney Baker may move to withdraw, Plaintiff may move to remove Attorney Baker as an attorney of record for Plaintiff, or the Court may terminate Attorney Baker as an attorney of record for Plaintiff if she fails to comply with the Clerk's April 30, 2020 letter (R. 23).

Dated this 4th day of May, 2020.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\Orders\civil cov\2020\20-24-WOB order re nonrep notice.docx