UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

CIVIL ACTION NO. 2:20CV24 (WOB)

NICHOLAS SANDMANN                                              PLAINTIFF

VS.              <u>MEMORANDUM OPINION AND ORDER</u>

CBS NEWS, INC., ET
AL.                                                           DEFENDANTS

This matter is before the Court on defendants' motion to dismiss for failure to state a claim on which relief may be granted. (Doc. 21). The Court has reviewed this matter and concludes that oral argument is unnecessary.

## *Introduction*

The Complaint is based on the defendants' news coverage of an event that occurred on January 18, 2019, during a visit by plaintiff Nicholas Sandmann and his fellow Covington Catholic High School students to Washington, D.C.

Greatly summarized, the Complaint alleges that Sandmann was libeled by the defendant when it published statements that Sandmann, while at the Lincoln Memorial, "threateningly stopped" Native-American activist Nathan Phillips by putting himself in front of Phillips to stop him from exiting, while Nicholas and "a

mass of other young white boys surrounded, taunted, jeered and physically intimidated Phillips." (Compl. ¶¶ 3-4).

These news stories are alleged to be false and defamatory. (*Id.*). Sandmann further alleges that the publications by defendants and similar stories by other news media caused him to be harassed by the public, causing him great emotional distress. (Compl. ¶¶ 26, 164-165). Sandmann also alleges that defendants' articles "are now forever a part of the historical Internet record and will haunt and taint Nicholas for the remainder of his natural life and impugn his reputation for generations to come." (Compl. ¶ 280).

The motion to dismiss first argues that Sandmann's claims are time-barred. For the reasons explained below, the Court does not find this argument to be well taken.

Secondly, the motion argues that these publications are not libelous, but the Court has ruled in companion cases that similar publications are libelous. The Court continues to hold that opinion for the reason stated in such preceding cases. *See Sandmann v. The Washington Post*, Cov. Case No. 19cv19 (Docs. 47, 64); *Sandmann v. Cable News Network*, Cov. Case No. 19cv31 (Docs. 43, 44); *Sandmann v. NBCUniversal Media, LLC*, Cov. Case No. 19cv56 (Doc. 43).

*Analysis*

1. **Statute of Limitations**

Defendants first assert that Sandmann's claim is barred by the statute of limitations because it was filed on March 2, 2020, more than one year after the relevant events occurred on January 18, 2019.

Of course, Sandmann was 16 years old at the time of these events. And, under KRS 413.170(a), the running of a statute of limitations is tolled where the plaintiff is a minor, until he or she reaches the age of 18. Thus, Sandmann had one year following his eighteenth birthday, which occurred in July 2020, to file his claim.

Defendants argue, however, that the statute of limitations began to run when Sandmann filed his first defamation suit through his parents as his next friends on February 19, 2019, relying on an unpublished opinion of the Kentucky Court of Appeals. *See Tallman v. City of Elizabethtown*, No. 2006-CA-002542, 2007 WL 3227599 (Ky. Ct. App. Nov. 2, 2007).

In *Tallman*, the Court held that the statute of limitations began to run against minor children when they were represented by their mother on related claims in prior litigation in federal court. *Id.* at *3. A reading of that decision, however, reveals that the Court considered the litigation before it to be highly unusual, and it noted that its ruling was made in light of "the

3

procedural history of the case." *Id.* No such history exists here.

Moreover, the Court does not believe that the Kentucky Supreme Court would agree with *Tallman*. *Tallman* cites no authority for its holding, which conflicts with the plain language of the savings statute itself. The statute makes no exception to the tolling of the limitations period for claims by a minor until he reaches the age of majority. *See Bradford v. Bracken County*, 767 F. Supp.2d 740, 752 (E.D. Ky. 2011) (refusing to apply *Tallman* to bar plaintiff's claim, finding that Kentucky Supreme Court would not adopt its reasoning because it would add exception to statute that legislature did not provide); *T.S. v. Doe*, Civil Action No. 5:10-CV-217, 2010 WL 3941868, at *4 (E.D. Ky. Oct. 6, 2010) (similar).

Therefore, defendants' statute of limitations defense is without merit.

**2. Failure to State a Claim**

The Complaint herein alleges that defendants published the following statement by Phillips in an online interview and later in an online article:

> PHILLIPS: "[Nicholas] just stood in front of me, and when the others were moving aside and letting me go, he decided that he wasn't gonna do that. You know, I tried to, when I was coming up the steps, I seen him start putting himself in front of me, so I slided [sic] to the right, and he slided [sic] to

4

>   the right. I slided [sic] to the left and he slided [sic] to the left – so by the time I got up to him, we were right in front of him. He just positioned himself to make sure that he aligned himself with me so that he stopped my exit."

(Compl. ¶¶ 223, 233). The Complaint alleges that this statement was provably false in that Sandmann did not position himself to impede Phillips or interfere with him in any way, and that it conveys a defamatory meaning because it imputes to Sandmann racist conduct. (Compl. ¶¶ 224-225).

The parties agree that Kentucky law applies to this case. Under Kentucky law, a writing is defamatory "if it tends to (1) bring a person into public hatred, contempt or ridicule; (2) cause him to be shunned or avoided; or (3) injure him in his business or occupation." *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981) (citation omitted). The allegations of the Complaint fit this definition precisely.

Sandmann further alleges that defendants ignored an available video that showed the full context of the January 18 encounter, demonstrating the falsity of Phillips's statements (Compl. ¶ 16); that defendants failed to engage in "basic journalistic due diligence," which would have revealed Phillips' lack of credibility (Compl. ¶ 20); that defendants published the statements negligently and maliciously, (Compl. ¶¶ 247-276); and

5

that Sandmann suffered public hatred, scorn, and emotional damages as a result (Compl. ¶¶ 277-283).

These allegations clearly state a valid claim for defamation. Defendants attack the significance of these allegations and deny some of them, but that raises matters for discovery.

In the motion to dismiss, defendants also argue that the statements at issue cannot be libelous because the publications in full included statements more favorable to Sandmann's view of the events. However, no amount of context removes the meaning of a statement alleged to be defamatory *per se*.

Therefore, the Court holds that the Complaint states a claim for relief.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motion to dismiss (Doc. 21) be, and is hereby, **DENIED**.

This 1st day of October 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge