UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 19-56-WOB-CJS**

**NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN**                                                 **PLAINTIFF**

v.

**NBCUNIVERSAL MEDIA, LLC**                                                                 **DEFENDANT**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

**CIVIL ACTION NO. 20-23-WOB-CJS**

**NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN**                                                 **PLAINTIFF**

v.

**THE NEW YORK TIMES COMPANY
d/b/a THE NEW YORK TIMES**                                                                 **DEFENDANT**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

**CIVIL ACTION NO. 20-24-WOB-CJS**

**NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN**                                                 **PLAINTIFF**

v.

**CBS NEWS, INC., et al.**                                                                             **DEFENDANTS**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

**CIVIL ACTION NO. 20-25-WOB-CJS**

**NICHOLAS SANDMANN, by and
through his parents and natural guardians,
TED SANDMANN and JULIE SANDMANN**                                                 **PLAINTIFF**

v.

**ABC NEWS, INC., et al.**                                                                             **DEFENDANTS**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

**CIVIL ACTION NO. 20-26-WOB-CJS**

**NICHOLAS SANDMANN**   **PLAINTIFF**

**v.**

**GANNETT CO., INC., et al.**   **DEFENDANTS**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

**CIVIL ACTION NO. 20-27-WOB-CJS**

**NICHOLAS SANDMANN, by and**
**through his parents and natural guardians,**
**TED SANDMANN and JULIE SANDMANN**   **PLAINTIFF**

**v.**

**ROLLING STONE, LLC, et al.**   **DEFENDANTS**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

## SCHEDULING ORDER

These cases are before the Court on the Joint Reports of Rule 26(f) Planning Meeting filed by the parties in these six cases.[1]  The parties have agreed that, in the interest of judicial economy, discovery should be conducted in phases, with Phase 1 being limited to "facts pertaining to the encounter between Plaintiff and Mr. Nathan Phillips."  Phase 1 will encompass all parties to the case, including Plaintiff and the Defendants in all six cases, and will be directed to "whether Nathan Phillips' statements that Plaintiff 'blocked' him or 'prevented him from retreating' (the 'Blocking Statements') are true or substantially true, or otherwise not actionable

---

[1] A separate Rule 26(f) Report was filed by the parties in Case No. 2:20-cv-26-WOB-CJS, *Sandmann v. Gannett Co., Inc., et al.*  The substance of the Report in that case is the same as the Joint Report filed by the parties in the other five cases, with one exception.  In the other five cases the parties agreed to a May 1, 2021 deadline for joinder of parties.  This May 1 deadline, which has now expired, was not agreed to in Case No. 2:20-cv-26-WOB-CJS, and the parties in that case present in their Joint Report the additional topic of Kentucky's joint tortfeasor apportionment statute, Kentucky Revised Statute ("KRS") § 411.182.

based on the undisputed facts developed during initial discovery and the issues defined in the Court's prior decisions." The parties propose that at the conclusion of Phase 1, if Phase 1 motions for summary judgment are denied in any of the six cases, the remaining parties will then proceed to Phase 2. The parties agree to submit a separate Joint Report of Rule 26(f) Planning Meeting within twenty-one (21) days of the denial of any Phase 1 summary judgment motion.

Having carefully considered the Joint Reports of Rule 26(f) Planning Meeting filed by the parties,

**IT IS ORDERED** that the Joint Reports are hereby **approved and adopted** by the Court, with the exception that in Case No. 2:20-cv-26-WOB-CJS the topic of Apportionment as set forth in paragraph 10.B. of the Joint Report in that case (R. 49 at Page ID 811-12) will be separately addressed by the Court. Accordingly,

**IT IS FURTHER ORDERED** that based upon the Joint Reports, the following Scheduling Order is entered to facilitate the disposition of these cases:

**A)**     **DEADLINES AND CASE SCHEDULE – PHASE 1**[2]

    1)     Rule 26(a)(1) initial disclosures exchanged – **April 16, 2021**
            *The parties are expected to supplement their disclosures per Civil Rule 26(e).*

    2)     Joinder of parties – **May 1, 2021**[3]

    3)     Completion of Phase 1 discovery – **September 1, 2021**
            *Discovery is subject to the limitations agreed to by the parties in paragraphs 5, 6, 7, 8, and 9 of their Joint Reports.*

    4)     Summary Judgment Motions – **October 1, 2021**
            Responses in opposition – **November 1, 2021**
            Replies – **November 30, 2021**

---

[2] Deadlines and other scheduling for Phase 2 would be subsequently determined if any Phase 1 summary judgment motion is denied by the Court.

[3] This deadline does not apply to Case No. 2:20-cv-26-WOB-CJS. The topic of Apportionment set forth in the parties' Joint Report in that case and any associated deadline for joinder of parties will be discussed at a telephone conference to be scheduled by separate order.

> *Although documents must now be filed electronically with the Court Clerk, a **PAPER** court courtesy copy shall be provided to JUDGE BERTELSMAN'S CHAMBERS within 48 hours of the filing of the brief or memorandum in support of any motion, where such brief or memorandum (including any attached exhibits) exceeds 10 pages.*

5) <u>Deadline Extensions</u> – must be requested **prior to** expiration of the applicable deadline.

**B)   DISCOVERY DISPUTE PROCEDURE**

To facilitate the supervision of discovery, the parties shall utilize the following procedure to address discovery disputes:

1) Parties shall first confer directly and in good faith and attempt to resolve the discovery dispute between themselves, without judicial intervention;

2) If the parties are unable to resolve the dispute after conferring directly, they shall attempt to resolve their disagreement by calling Chambers to schedule an informal telephone conference; and

3) If, and only if, the parties are unable to resolve their discovery impasse after informal telephone conference with the Court, they may file appropriate written motions. Written motions regarding discovery shall include the certification required by Civil Rule 37(a)(1) and Local Rule of Civil Practice 37.1, if applicable.

Dated this 17th day of May, 2021.

Signed By:
<u>Candace J. Smith</u>
United States Magistrate Judge

J:\DATA\Orders\civil cov\2019\19-56-WOB etc Phase 1 scheduling order.docx

4